ØŠÒÖ
G€Gſ ÁRWÞ ÁGſ ÁÆJҠ€€ÁŒ
SŒÕÁ̂UWÞVŸ
ÙWÚÒ̂Ụ̂JÜÁ̂UWÜV̂ÂŠ̀Ò̂ǗS
ÒŒ̂ŠÒÖ
ÔŒÙÒ̂A̍A̍ÁGſ ̈G̈F̈Ì̈Ĺ̈F̂̈Ë̈Á̇U̍ÒŒ

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| SANDRA KELLAR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, whose true name is unknown and "DOE" SPOUSES, spouses and the marital community comprised thereof, U-HAUL TITLING, LLC, an Arizona Corporation, U-HAUL HOLDING COMPANY, a Nevada Corporation, and S 1-5,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT** |

Plaintiff Sandra Kellar, individually and through their counsel of record, allege as follows:

## I. PARTIES

1.1    At all times relevant to Plaintiff's Complaint, Plaintiff Sandra Kellar resided in Seattle, King County, Washington.

1.2    Defendants John "Doe", whose true name is unknown and "Doe" whose true name is unknown, are, and were at all material times, believed to be in a marital

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

EXHIBIT 1

relationship as residents of Washington state. All acts complained of were performed by defendant in King County for and on behalf of himself and his marital community.

1.3     Defendants U-Haul Titling, LLC, is and was at all material times believed to be a private, for-profit limited liability company doing business in the State of Washington. Defendant U-Haul Titling, LLC, was the registered owner of the vehicle driven by Defendant John Doe at the time of the incident giving rise to this litigation. All acts complained of were performed by defendants in King County for and on behalf of the marital community.

1.4     Defendants U-Haul Holding Company is and was at all material times believed to be a private, for-profit limited liability company doing business in the State of Washington. Defendant U-Haul Holding Company, was the registered owner of the vehicle driven by Defendant John Doe at the time of the incident giving rise to this litigation. All acts complained of were performed by defendants in King County for and on behalf of the marital community.

1.5     Defendants s 1-5 are unknown individuals or entities who may have caused or contributed to the events giving rise to this action, or who may have been an employer or principal of one of the above-named defendants, an unknown individual who may have been acting within the course and scope of his/her employment/agency at the time of the incident alleged herein, or a parent, guardian or entrustor. When their identities become known, the Complaint will be amended to reflect that knowledge.


## II. JURISDICTION & VENUE

2.1     On October 31, 2024, the date of the motor-vehicle collision giving rise to Plaintiff's Complaint (Collision), Defendants John Doe and Jane Doe, were believed to reside in Washington state. Defendants are believed to still reside in Washington.

2.2     The Collision occurred in Seattle, King County, Washington.

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

EXHIBIT 1

2.3	This Court has jurisdiction over the parties under RCW 2.08.010.

2.4	Venue is proper under RCW 4.12.020 because the Collision occurred in King County, Washington.

### III. FACTS

3.1	The Collision occurred on or near East Yesler Way in Seattle, Washington.

3.2	Plaintiff Kellar was the restrained driver of a Mazda CX-9.

3.3	Defendant John Doe was the restrained driver of a Chevrolet Express Van.

3.4	Defendant U-Haul Titling, LLC is the owner of the motor vehicle driven by Defendant John Doe.

3.5	Defendant John Doe, struck the rear of Plaintiff Kellar's parked vehicle while she and her friend were seated inside waiting for Plaintiff Kellar's doctor's appointment to begin. At that time of the incident, plaintiff's vehicle was lawfully parked. After causing the collision, Defendant John Doe fled the scene without providing identification or offering assistance.

3.6	Defendant U-Haul Titling, LLC, a subsidiary of U-Haul Holding Company, is the lawful owner of the vehicle operated by Defendant at the time of collision. As the titled owner, U-Haul Titling, LLC is responsible for the vehicle's registration and ownership, and upon information and belief, had authorized or permitted the use of the vehicle by Defendant.

3.7	Plaintiff could do nothing to avoid the Collision.

3.8	Defendants' actions were the proximate cause of the Collision.

3.9	Defendant John Doe was operating a vehicle in the course and scope of Defendant U-Haul Titling, LLC's business, and their business-related activities contributed to the circumstances leading to the Collision.

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

EXHIBIT 1

## IV. NEGLIGENCE – DEFENDANT JOHN DOE

4.1     Plaintiff incorporates all allegations set forth above as though fully stated herein.

4.2     Defendant John Doe, through common law, statute, regulation, or ordinance, owed Plaintiff a duty to drive attentively, operate his vehicle at a speed safe for conditions and consistent with the law, keep a proper lookout, yield the right-of-way, avoid collisions with vehicles ahead of his, and, generally speaking, obey all other rules of the road set forth under RCW 46.61 *et seq*.

4.3     Defendant John Doe breached his duties as a Washington driver by failing to keep a proper look out, operate his vehicle at a safe speed for conditions, and avoid a collision with the vehicle directly ahead of his, *i.e.*, Plaintiff Kellar's Mazda CX-9.

4.4     Defendant John Doe's breach of his duties is the sole proximate cause of the Collision.

4.5     Defendant John Doe therefore, is liable for the injuries and damages Plaintiff suffered as a result of the Collision.

4.6     Plaintiff has incurred expenses for treatment of the injuries they suffered in the Collision, including, but not limited to, charges incurred for physicians, medications, hospital costs, physical therapy, and other related treatment.

4.7     Plaintiff may continue to incur additional healthcare expenses as a result of the injuries they suffered in the Collision.

4.8     Plaintiff has incurred out-of-pocket expenses related to driving to and from medical appointments, household expenses for essential services, and similar miscellaneous out-of-pocket expenses. Plaintiff may have future out-of-pocket expenses as a result of the Collision because they may require additional treatment and may have ongoing limitations related to their injuries.

4.9     Plaintiff has suffered a loss of wages due to her inability to travel to work

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

EXHIBIT 1

post-incident, and the time she was required to take off to attend medical appointments.

4.10 Plaintiff has endured and will continue to endure pain and suffering (mental and physical) because of the injuries sustained in the Collision. Plaintiff's general damages, therefore, are continuing in nature.

4.11 In sum, Plaintiff has suffered past and future economic damages and past and future general damages because of Defendant John Doe's negligence.

## V. NEGLIGENT ENTRUSTMENT - DEFENDANT U-HAUL TITLING, LLC

5.1 Plaintiff incorporates all allegations set forth above as though fully stated herein.

5.2 Defendant U-Haul Titling, LLC, negligently permitted Defendant John Doe to use and operated the subject vehicle by failing to perform a background check or ensure that Defendant John Doe was a safe driver.

5.3 Defendant U-Haul Titling, LLC knew, or should have known, that Defendant John Doe was incompetent or unfit to drive the subject vehicle.

5.4 Defendant U-Haul Titling, LLC's negligent entrustment of the subject vehicle to Defendant Rhoden put an unsafe driver behind the wheel.

5.5 As a result of Defendant John Doe's careless and dangerous operation of the subject vehicle, Plaintiff was harmed and sustained significant, life-changing injuries.

5.6 Defendant U-Haul Titling, LLC's negligent entrustment of the subject vehicle to Defendant John Doe was a proximate cause of the Collision.

5.7 Defendant U-Haul Titling, LLC therefore, is liable for the injuries and damages Plaintiff suffered as a result of the Collision.

## VI. NEGLIGENCE – DEFENDANT U-HAUL HOLDING COMPANY

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

EXHIBIT 1

6.1     Plaintiff incorporates all allegations set forth above as though fully stated herein.

6.2     Defendant U-Haul Holding Company negligently permitted Defendant John Doe to use and operated the subject vehicle by failing to perform a background check or ensure that Defendant John Doe was a safe driver.

6.3     Defendant Holding Company knew, or should have known, that Defend6ant John Doe was incompetent or unfit to drive the subject vehicle.

6.4     Defendant U-Haul Holding Company negligent entrustment of the subject vehicle to Defendant Rhoden put an unsafe driver behind the wheel.

6.5     As a result of Defendant John Doe's careless and dangerous operation of the subject vehicle, Plaintiff was harmed and sustained significant, life-changing injuries.

6.6     Defendant U-Haul Holding Company's negligent entrustment of the subject vehicle to Defendant John Doe was a proximate cause of the Collision.

6.7     Defendant U-Haul Holding Company therefore, is liable for the injuries and damages Plaintiff suffered as a result of the Collision.

## VII. RESERVATION OF RIGHTS

7.1     Plaintiff reserves the right to assert additional claims as additional information is obtained through discovery.

## VIII. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment against the defendants, jointly and severally, as follows:

(a)     For special damages in an amount to be proved at the time of trial;

(b)     For general damages in an amount to be proved at the time of trial;

(c)     For costs and disbursements, including statutory and reasonable attorney fees;

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

EXHIBIT 1

(d)    For pre-judgment interest on all special damages;

(e)    For post-judgment interest on the entire judgment until paid in full; and

(f)    For such other and further relief as the Court may deem just and equitable.

Dated this 23rd day of June 2025.

**BRUMLEY LAW FIRM, PLLC**

*/s/ Abraham Afshar*_____
Joshua Brumley, WSBA #49851

Abraham Afshar, WSBA #57238

1303 Central Ave. S., Ste. 201
Kent, WA 98032
P: 253-236-4079 / F: 253-236-5590
Joshua@BrumleyLawFirm.com
Abe@BrumleyLawFirm.com

*Attorneys for Plaintiff Sandra Kellar*

EXHIBIT 1